IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Quantis Pinckney, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden McCall, Perry Correctional )<br>Institution, )<br>)<br>Respondent. )<br>) | C/A No.: 1:11-3466-RMG-SVH<br><br><br>ORDER |

Petitioner Quantis Pinckney is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on Petitioner's motion for discovery filed on April 16, 2012 [Entry #40]. Respondent's deadline for filing a response to Petitioner's motion has passed and no response has been filed. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), all pretrial proceedings have been referred to the undersigned.

Petitioner seeks discovery based on his allegations that the state has allegedly withheld favorable material. [Entry #40 at 1]. In habeas corpus cases, leave of court is required for the parties to conduct discovery. *See* Rules Governing § 2254 Cases, Rule 6(a). Any party requesting discovery in a habeas corpus action must provide reasons for the request. Rules Governing § 2254 Cases, Rule 6(b). The Supreme Court has held that "the 'broad discovery provisions' of the Federal Rules of Civil Procedure do not apply in

habeas proceedings." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (citing to *Harris v. Nelson*, 394 U.S. 286 (1969)). Petitioner must set forth specific allegations "show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id*. at 908–09.

According to his filings, Petitioner believes that witness Ashley Baker's statement was misrepresented by the Solicitor to the judge before whom he pled guilty. Specifically, the Solicitor stated as follows:

> The statement of a witness there, Ms. Ashley Baker, says that while there was arguing, she saw a gun in the eventual victim's front pants. The guy was holding his cell phone. He tried to grab his gun, but the gun fell to the floor, at which point [Petitioner] asked y'all stop. Y'all let him go through. As they were letting [the victim] through, [Petitioner] took his, we believe it was a .44 caliber pistol, and shot [the victim] four to five times which did cause his death. Your Honor, I believe the facts of that would support a voluntary manslaughter, which is the intentional killing without malice.

[Entry #17-5 at 15–16].

Petitioner argues that the Solicitor's representation of Ms. Baker's statement was "not true or the Solicitor is withholding favorable material, such as a second statement of Ms. Baker that contradicts the first." [Entry #40 at 1]. In his discovery requests that are attached to his motion, Petitioner seeks:

1. Any and all statements made by Ms. Ashley Baker.
2. The Solicitor's entire case file in Petitioner's General Sessions case.
3. Produce any and all documents referred to or relied upon in answering any of Petitioner's pleadings, including but not limited to, Petition, Amended Petition, Motions & etc.
4. Produce any documents that are in Respondents &/or witnesses' possession that relate to the incident &/or Petition.

2

> 5. Produce the Grand Jury's Impanelment Documents, Petition, supporting materials & Impanelling Judge's Order of any & all indictment(s) relevant to this case. And all Ashley Baker's statements.

[Entry #40-1].

Petitioner has submitted the affidavit of Ms. Baker in which she stated:

> Nowhere in my statement did I say the man's gun fell to the floor before Quantis shot him. I said that the man fell to the floor while trying to grab his gun. The solicitor manipulated the words in my statement to the judge at Quantis' plea hearing making it look as if Quantis shot an unarmed man and after court I told Quantis about this and he told me that he was going to appeal his sentence because of this.

[Entry #41-2 at 1].

Petitioner also claims that he told his counsel that he wanted to file an appeal as a result of the Solicitor's alleged misrepresentation of Ms. Baker's statement and that he would have gone to trial instead of pleading guilty. Petitioner claims that his counsel stated that these were not good enough grounds on which to file an appeal.

Petitioner argues that good cause is demonstrated where there is possibly a second statement that would destroy the state's key witness and reinstate Petitioner's self-defense claim, citing *Slutzker v. Johnson*, 393 F.3d 373, 388 (3rd Cir. 2004) (due process violated because prosecution failed to provide police reports to defense counsel), and *Crivens v. Roth*, 172 F.3d 991, 999 (7th Cir. 1999)(due process violated because prosecution withheld evidence that could have been used to impeach testimony and affect credibility of state's key witness).

3

Following a review of the discovery sought by Petitioner, the court finds that he has shown reason to believe that the discovery he seeks may assist him in demonstrating entitlement to relief in his habeas case. Therefore, Petitioner has shown good cause for discovery under Rule 6(a).

Accordingly, it is hereby ordered that Petitioner's motion for discovery [Entry #40] is granted in part and denied in part. Discovery is limited to the issue of statements made by Ms. Ashley Baker. Respondent is to serve responses no later than June 4, 2012 to Petitioner's first request "Any and all statements made by Ms. Ashley Baker" as if it were an interrogatory/request for production pursuant to Fed. R. Civ. P. 33 and 34. Petitioner's remaining requests for discovery are denied. Petitioner is granted leave to file any supplemental response to the Respondent's motion for summary judgment by June 20, 2012. Respondent is permitted to file a reply the later of 14 days after Petitioner's supplemental response or July 5, 2012.

IT IS SO ORDERED.

May 21, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge