IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| Quantis Pinckney, | ) | |
| --- | --- | --- |
| | ) | Civil Action No.: 1:11-3466-RMG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden McCall, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon the recommendation of Magistrate Judge Shiva V. Hodges that Petitioner Quantis Pinckney's motion for default judgment be denied. Because this is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. Petitioner has moved for default judgment against Respondent alleging that Respondent did not respond and defend in this action by March 12, 2012. (Dkt. No. 24).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

Petitioner objects to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge's Order authorizing service stated that "Respondent shall file an answer or other response to the Petition as soon as reasonably possible but no later than fifty (50) days

1

from the date of service." (Dkt. No. 13 at 2). Petitioner alleges that the date of service was January 17, 2012 and fifty days later is March 7, 2012. (Dkt. No. 48 at 2). As the Magistrate Judge stated, however, the ECF entry on docket #13 states "ORDER authorizing service of process. Apprising the respondents of deadline for filing dispositive motions and directing petitioner to notify the clerk in writing of any change in address. (Return and Memorandum due by 3/12/2012)". (*See* Dkt. No. 13).

The Court concludes that the Respondent timely filed a response in accordance with the Magistrate Judge's Order, as Respondent's Return and Memorandum and Motion for Summary Judgment were filed on March 12, 2012. (Dkt. Nos. 17, 18). The Court has discretion to establish the time limit within which Respondent must answer. *Kramer v. Jenkins*, 108 F.R.D. 429 (N.D. Ill. 1985); *Bleitner v. Welborn*, 15 F.3d 652, 654 (7th Cir. 1994). Moreover, the Court notes that "default judgments are disfavored in habeas corpus cases." *Bleitner*, 15 F.3d at 653; *Bermudez v. Reid*, 733 F.2d 18, 21-22 (2d Cir. 1984); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

A review of the record indicates that the Magistrate Judge's report accurately summarizes the case and the applicable law. This Court wholly adopts the Report and Recommendation of the Magistrate Judge. (Dkt. No. 44). For the reasons articulated by the Magistrate Judge and discussed herein, it is hereby **ORDERED** that Petitioner's motion for default judgment (Dkt. No. 24) be **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
June 5, 2012