## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Quantis Pinckney, #292632, | ) | C/A No.: 1:11-3466-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Michael McCall, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Quantis Pinckney is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections. He filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on (1) Respondent's return and motion for summary judgment filed on March 12, 2012 [Entry #17, #18]; and (2) Petitioner's motion to amend his § 2254 petition filed on March 19, 2012 [Entry #26]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by April 16, 2012. [Entry #19]. After requesting extensions [Entry #30, #34], Petitioner filed a timely response on April 30, 2012. [Entry #41]. Petitioner subsequently submitted documents purporting to be supplements to his response. [Entry #57, #62]. Respondent filed a reply. [Entry #58]. Having carefully considered the parties' submissions and the record in this

case, the undersigned recommends that Petitioner's motion to amend be denied and Respondent's motion for summary judgment be granted.

I.    Procedural Background

Petitioner was indicted by the Richland County grand jury in January 2007 for the murder of Ronnie Lee Brown (2007-GS-40-8198) [Entry #17-5 at 93-94] and in May 2007 for two counts of trafficking cocaine (10 to 28 grams as third offense) (2007-GS-40-3276) [Entry #17-5 at 99-100] and (2007-GS-40-3277) [Entry #17-5 at 104-105].   Petitioner was represented by Charlie J. Johnson, Jr., Esq. and Amye L. Rushing, Esq. and pled guilty before the Honorable Kenneth G. Goode on November 6, 2007 to voluntary manslaughter and to two counts of trafficking cocaine (10 to 18 grams as second offense). [Entry #17-5 at 3-28].   Judge Goode sentenced Petitioner to 19 years on each of the three offenses, to be served concurrently. [Entry #17-5 at 27]. Petitioner did not appeal from his guilty plea.

Petitioner filed an application for post-conviction relief ("PCR") on May 1, 2008, in which he alleged (1) ineffective assistance of counsel for not informing Petitioner of the right to appeal the sentence that was imposed, and (2) "due process violation of the solicitor's office as well as plea agreement by solicitor and counsel." [Entry #17-5 at 30]. A PCR evidentiary hearing was held before the Honorable L. Casey Manning on April 2, 2009, at which Petitioner and his counsel, Bryan S. Jeffries, Esq. appeared. [Entry #17-5 at 48-78].   On June 23, 2009, Judge Manning entered an order of dismissal. [Entry #17-5 at 80-92].

Petitioner appealed from the denial of PCR and was represented by Appellate Defender M. Celia Robinson of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [Entry #17-1]   Attorney Robinson filed a petition for writ of certiorari in the South Carolina Supreme Court on April 7, 2010, raising the following issues:

1.    Did the PCR judge err in denying relief despite counsel's providing ineffective assistance of counsel in advising petitioner to enter a guilty plea despite acknowledging that petitioner was actually not guilty in that he had a good and complete defense of self-defense to the charge of murder?

2.    Did the PCR judge err in denying relief where petitioner's guilty plea was not entered knowingly, intelligently, or voluntarily but the guilty plea was entered only as the result of ineffective assistance of counsel in that counsel wrongly led petitioner to believe that he should enter a guilty plea because proceeding to trial relying on the defense of self-defense was not an option?

3.    Did the PCR judge err in denying relief despite counsel's providing ineffective assistance of counsel in failing to submit evidence in mitigation during sentencing?

[Entry #17-1 at 3].

On May 26, 2011, the South Carolina Supreme Court denied the petition. [Entry #17-3]. The remittitur was issued on June 13, 2011. [Entry #17-4].   Petitioner filed this federal petition for a writ of habeas corpus on December 14, 2011.   [Entry #1].[1]

---

[1] The petition was received by the court on December 16, 2011 and docketed on December 21, 2011. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner dated his petition December 14, 2011, the date his envelope indicates the petition was deposited in the prison mailing system.

II.      Discussion

A.      Federal Habeas Issues

In his original petition, Petitioner asserted he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**       Denied a direct appeal.

**Supporting Facts:**   The PCR record shows that I asked my lawyers to appeal the conviction and sentence of 19 years. My counsel, Mr. Charlie Johnson, concedes that I requested him to file an appeal but he failed to do so, which is a clear denial of my constitutional rights to [due] process as well as the effective assistance of counsel at a critical stage of the post-trial.

**Ground Two:**       Ineffective Assistance of Counsel.

**Supporting Facts:**   The PCR Court and S.C. Supreme Court went contrary to the governing principles of Strickland v. Washington when S.C. Supreme Court upheld PCR judge's ruling that plea counsel(s) was not ineffective for not filing a direct appeal for petitioner even after admitting on the record that petitioner requested they file a notice of intent to appeal the conviction and sentence imposed by Judge Goode.

[Entry #1 at 5-7].

B.      Petitioner's Motion to Amend

After Respondent file his motion for summary judgment alleging that Petitioner's foregoing claims were procedurally-defaulted, Petitioner filed a motion to amend, seeking to add the following grounds:

**Ground Three:**      Ineffective Assistance of Counsel.

> **Supporting Facts:**   Counsel was ineffective in (1) telling Petitioner he could not go to trial on a self-defense claim; (2) advising that the court would not allow him to separate his murder case from his unrelated drug case; and (3) advising Petitioner to plea to crime he did not commit.

**Ground Four:**      Ineffective Assistance of Counsel.

> **Supporting Facts:**   Counsel was ineffective for not making sure that Petitioner fully understood his plea agreement before Petitioner pled guilty.

**Ground Five:**      Ineffective Assistance of Counsel.

> **Supporting Facts:**   Counsel was ineffective when he planned to use mitigating factors that support Petitioner's self-defense claim to get Petitioner the amount of time that he promised Petitioner that he would be sentenced to at plea hearing, but failing to present these mitigating factors to the court at plea hearing or even for reconsideration like he told Petitioner he would.

**Ground Six:**      Ineffective Assistance of Counsel.

> **Supporting Facts:**   Counsel was ineffective for failing to file a notice of appeal after being instructed to do so by Petitioner after judge sentenced Petitioner to 19 years. Counsel gave Petitioner ineffective advice, telling Petitioner that he did not have grounds on which to file an appeal.

[Entry #26 at 1-5].

Respondent filed an opposition to the motion to amend [Entry #66], and Petitioner filed a reply [Entry #67], as supplemented [Entry #68]. After considering the procedural

history and law in this matter, the undersigned recommends the motion to amend be denied as futile, as the claims therein are procedurally barred.

As provided in 28 U.S.C. § 2254(d)(1)(A), the one-year statute of limitations begins to run on the date Petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The undersigned finds that while Petitioner timely filed his original petition in this matter, his attempt to amend his petition comes beyond the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one year bar. Petitioner pled guilty and was sentenced on November 6, 2007. At that point, he had ten days within which to file a notice of appeal, but he failed to do so. Accordingly, Petitioner's one-year statute of limitations period began running on November 17, 2007, the first day following the expiration of his ten-day window of appeal. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under" § 2244(d)(1). Thus, the one-year limitation period in this case ran for 167 days and remained tolled from May 1, 2008 upon the filing of his PCR application to the issuance of the remittitur on June 13, 2011. From June 13, 2011, Petitioner had 198 days within which to file this federal habeas petition (i.e., by December 28, 2011). He filed his habeas petition on December 14, 2011, with approximately two weeks remaining on the AEDPA clock. Therefore, Petitioner's § 2254 petition was timely filed.

However, Petitioner's motion to amend his § 2254 petition was delivered to the prison mailroom on March 15, 2012, more than one year after the Supreme Court of South Carolina had denied his petition for writ of certiorari. A § 2254 petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Under Fed. R. Civ. P. 15(c)(2), an amended pleading relates back to the date of an original pleading if the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Mayle v. Felix,* 545 U.S. 644, 656 (2005) (interpreting Fed. R. Civ. P. 15(c)(2) narrowly and finding that an amended habeas petition did not relate back to the original petition's filing date because the amended habeas petition asserted a new ground for relief supported by facts that differed in time and type to those set forth in the original petition).

In *Mayle,* the petitioner timely filed a federal habeas petition challenging, under the Sixth Amendment's confrontation clause, the admission of videotaped prosecution witness

testimony. 545 U.S. at 644. After the expiration of the one-year statute of limitations, the petitioner sought an amendment of his petition to challenge, under the Fifth Amendment's right against self-incrimination, the admission at trial of his pretrial statements. *Id.* The Supreme Court determined that the Fifth Amendment claim in the amended petition was of a different type than the Sixth Amendment claim in the original petition, and that both violations were alleged to have occurred at separate times. *Id.* at 645-46, 2564. Therefore, the Court held that the amended petition did not relate back to the original petition filing date and was not timely filed. *Id.* The Court rejected the Ninth Circuit's broad view that an amended petition may relate back to the original petition's filing date "so long as a new claim stems from the habeas petitioner's trial, conviction, or sentence." *Id.* at 644 n. 7, 2563 n. 7. Instead, the Court adopted a narrow interpretation of Fed. R. Civ. P. 15(c)(2) in habeas cases and stated that "relation back will be in order so long as the original and amended petitions state claims that are tied to common core of operative facts." *Id.* at 647, 2565.

Here, Petitioner's original petition was timely filed and sets forth a due process and ineffective assistance of counsel ground for relief based on the failure of a direct appeal.[2] Petitioner's motion to amend seeks to add three non-redundant additional grounds of ineffective assistance of counsel regarding (1) counsel's advice on (a) the viability of a

---

[2] Ground Six of the proposed Amended Petition restates the ineffective assistance of counsel claim for counsel's failure to file a notice of appeal and is considered to be redundant of Grounds One and Two.

self-defense claim at trial, (b) possibility of a severance of his murder and drug charges, and (c) pleading to a crime he did not commit; (2) his failure to ensure that Petitioner fully understood his plea agreement before pleading guilty; and (3) his failure to use mitigating factors to obtain a shorter sentence. [Entry #26-1].

Under *Mayle,* the court must determine whether the proposed ineffective assistance of counsel claim shares a "common core of operative facts" with Petitioner's prior challenge to the failure to file a direct appeal. *See Mayle,* 545 U.S. at 647. Because the facts supporting the proposed ineffective assistance of counsel claims are different in time and type to the facts supporting Petitioner's original claim regarding the failure to file a direct appeal, the undersigned finds the proposed ineffective assistance of counsel claims to be separate and distinct claims that do not share a common core of operative facts with the original claims. "The fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). . . . Such a broad view of 'relation back' would undermine the limitations period set by Congress in the AEDPA". *United States v. Pittman,* 209 F.3d 314, 317–18 (4th Cir. 2000) (*citing United States v. Duffus,* 174 F.3d 333, 337 (3d Cir. 1999)). Once the statute of limitations has expired, allowing the amendment of a habeas petition with additional grounds for relief would defeat the purpose of the AEDPA. *See United States v. Thomas,* 221 F.3d 430, 436 (3d Cir. 2000)) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."); *see*

*also Smith v. Stevenson*, 2010 WL 1257510 (D.S.C. 2010); *Lowery v. Stevenson*, 2009 WL 2048928 (D.S.C. 2009). Accordingly, the proposed ineffective assistance of counsel claims do not relate back to the original petition's filing date, and they are, therefore, time barred. Therefore, it is recommended that Petitioner's motion to amend be denied as futile.

C.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

D.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see*

*Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id*. The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

### a. Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

        (A)    the applicant has exhausted the remedies available in the courts of the State; or

        (B)    (i) there is an absence of available State corrective process; or

              (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A).    In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.    State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767

(S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. §

17-27-80, counsel for the applicant must make a motion to alter or amend the judgment

pursuant to Rule 59(e), SCRCP.   Failure to do so will result in the application of a

procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C.

2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in

the South Carolina courts. A PCR must be filed within one year of judgment, or if there is

an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

    The United States pre Court has held that "state prisoners must give the state courts

one full opportunity to resolve any constitutional issues by invoking one complete round of

the State's established appellate review process"—which includes "petitions for

discretionary review when that review is part of the ordinary appellate review procedure in

the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be

given by fairly presenting to the state court "both the operative facts and the controlling

legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th

Cir.2000) (citing *Matthews v. Evatt,* 105 F.3d 907, 911 (4th Cir.1997) (internal quotation

marks omitted)). That is to say, the ground must "be presented face-up and squarely."

_____

[3]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found
that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*,
South Carolina courts had not been uniformly and strictly enforcing the failure to file a
motion pursuant to Rule 59(e), SCRCP, as a procedural bar.   Accordingly, for matters in
which there was a PCR ruling prior to November 5, 2007, the court will not consider any
failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

*Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court *"outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan.*" 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan,* "technically available to the litigant but not required to be exhausted," *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals.

b.     Procedural Bypass

 Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing

that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has

failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

### 3. Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the

novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4. Ineffective Assistance of Counsel Claim

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1985). Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

### E. Analysis

#### 1. Procedurally-Barred Grounds

Respondent contends that Petitioner's Grounds One and Two are procedurally-barred to the extent that they were not raised in a direct appeal or PCR appeal. The undersigned agrees that the procedural bar applies to both grounds. In these interrelated claims, Petitioner alleges that he was denied due process and the effective assistance of counsel through his attorneys' failure to file a direct appeal after he allegedly asked them to appeal. Despite Petitioner's claim to the contrary, these grounds were not

argued during the PCR proceeding,[4] nor addressed by the order denying PCR relief. Petitioner has not demonstrated that he sought a ruling by filing a timely Rule 59(e) motion. Under state court procedure, the state supreme court has held that such issues are not preserved for consideration on appeal. *Marlar*; *Simpson v. Moore*, 627 S.E.2d 701, 708 n.3 (S.C. 2006); *Harris v. State*, 581 S.E.2d 154 (S.C. 2003).

Therefore, to the extent that Grounds One and Two were not raised in Petitioner's PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

2.      Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds One and Two. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of

_____

[4] The PCR transcript only contains the following exchange: Q: "And after you were sentenced did either of your attorneys, to your knowledge, file an appeal?" Petitioner: "No, I told Charlie that I wanted to file a direct appeal right away, the same day. And he told me he didn't have any grounds to go on and all type of, you know – and he just kind of, you know, like he was just through with it, he was done with it." [Entry #17-5 at 58].

justice. Petitioner has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on Grounds One and Two. Petitioner had a guilty plea, had the opportunity for a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve the issues. In the alternative, Petitioner must show a miscarriage of justice.

Petitioner does not contend that he is actually innocent of the drug charges to which he pled guilty and on which received sentences of 19 years each, but that he is actually innocent of the voluntary manslaughter charge. He argues that he acted in self-defense, even though he was not lawfully armed when he shot the victim. He places great emphasis on the solicitor's representation to the court that the victim "tried to grab his gun, but the gun fell to the floor . . ." compared to the actual written statement of Ms. Brown that "The big guy tried to grab his gun but fell to the floor." Petitioner claims that the solicitor "manipulated, mischaracterized, and added his own words" to Ms. Baker's statement "to create false factual basis for the charge of voluntary manslaughter so that the Court would [ac]cept the guilty plea and this was prosecutorial misconduct by the solicitor." [Entry #41 at 5]. Petitioner contends that the victim had previously threatened Petitioner and the victim had been out on bond for murder and had a criminal history of violence. [Entry #41 at 7-8].

Respondent's reply points out that trial counsel urged mitigation on the voluntary manslaughter charge and claimed that other witnesses had stated that the victim had pulled a weapon and that the victim was then killed in the struggle and the victim had been out on bond at the time for a murder. [Entry #58 at 4]. Respondent also notes trial counsel represented to the trial court that Petitioner had been threatened previously by the victim and that there were phone records, that there may have been evidence of self-defense, but at the same time there was significant evidence of voluntary manslaughter which was appropriate in the matter. [Entry #58 at 5]. Respondent argues that trial counsel asked for

the lower end of manslaughter in the 5-year range because of the mitigation in the case, urging that Petitioner had no prior violent crime issues and could be rehabilitated. *Id.* Finally, Respondent notes that there is no dispute that Ms. Baker's statement was provided to Petitioner's counsel prior to the entry of the plea and that Petitioner's own counseled statement of September 20, 2006 admitted that he already had his own gun out when the victim entered the apartment. *Id.*

During the guilty plea colloquy, the solicitor recited the following facts, which Petitioner conceded in his guilty plea colloquy were accurate, to wit: that he sold an undercover agent 13.89 grams of cocaine on September 14, 2006, as captured on video and audio, and the following day met the same agent at an apartment on Palmetto Avenue where he assured the agent that drugs he had on a window sill was pure cocaine and that "no one would ever cheat him" because he would blast him, whereupon he pulled out a .357 magnum. Further, the facts indicated that Petitioner was cooking crack cocaine on September 16, 2006, in an apartment on Percival Road when the victim arrived and a struggle ensued. A witness stated that she saw a gun in the victim's front pants while he was holding a cell phone, that they let the victim walk through, and Petitioner grabbed his .44 caliber pistol and shot the victim four times. [Entry #17-5 at 14-16]. The guilty plea colloquy reflects that Petitioner admitted he committed the crime of voluntary manslaughter and trafficking in cocaine.

In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v.*

*United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary."  *Id.*   The court's review of the record does not support a showing of actual innocence.

While the thrust of Petitioner's habeas petition arises out of his disappointment with the length of the sentence he received, a "petitioner's disappointment in receiving a more severe sentence than he hoped would be imposed is not a basis for finding ineffective assistance of counsel." *Gibson v. Boles*, 288 F.Supp. 472, 477 (N.D.W.Va. 1968).   The court does not allow "gossamer possibilities of prejudice to a defendant . . . to nullify a sentence pronounced by a court of competent jurisdiction in obedience to local law." *Snyder v. Massachusetts,* 291 U.S. 97, 122 (1934) (Cardozo, J.), *overruled on other grounds by Malloy v. Hogan,* 378 U.S. 1 (1964).   In light of the foregoing, Petitioner cannot show actual innocence, and therefore, the procedural bar applies to Grounds One and Two.

III.    Conclusion

For the foregoing reasons, the undersigned recommends Petitioner's motion to amend [Entry #26] be denied as futile and Respondent's motion for summary judgment [Entry #18] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 18, 2012                          Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).