**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| QUANTIS PINCKNEY, ) | |
| ) | No. 1:11-cv-03466-DCN |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| MICHAEL MCCALL, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court upon the magistrate judge's recommendation that petitioner's motion to amend his petition brought under 28 U.S.C. § 2254 be denied and respondent's motion for summary judgment on the § 2254 petition be granted. For the reasons set forth below, the court denies petitioner's motion to amend and grants respondent's motion for summary judgment.

## I. BACKGROUND

Petitioner Quantis Pinckney was indicted by the Richland County grand jury in 2007 for murder and two counts of trafficking cocaine. He pled guilty on November 6, 2007 to voluntary manslaughter and the drug charges. He was sentenced to nineteen years on each of the three offenses, to be served concurrently. Pinckney did not appeal his conviction or sentence.

On May 1, 2008, Pinckney filed an application for post-conviction relief (PCR), alleging: (1) ineffective assistance of plea counsel in seeking a plea agreement rather than going to trial; and (2) "due process violation of the solicitor's office as well as plea agreement by solicitor and counsel." Pet'r's PCR Appl., ECF No. 17-5 at 30-32. The PCR court held a hearing on April 2, 2009, and on June 23, 2009, entered an order of

1

dismissal. Pinckney appealed the PCR denial by filing a petition for writ of certiorari in the South Carolina Supreme Court on April 7, 2010. In the petition, the following issues were raised:

> 1. Did the PCR judge err in denying relief despite counsel's providing ineffective assistance of counsel in advising petitioner to enter a guilty plea despite acknowledging that petitioner was actually not guilty in that he had a good and complete defense of self-defense to the charge of murder?
>
> 2. Did the PCR judge err in denying relief where petitioner's guilty plea was not entered knowingly, intelligently, or voluntarily but the guilty plea was entered only as a result of ineffective assistance of counsel in that counsel wrongly led petitioner to believe that he should enter a guilty plea because proceeding to trial relying on the defense of self-defense was not an option?
>
> 3. Did the PCR judge err in denying relief despite counsel's providing ineffective assistance of counsel in failing to submit evidence in mitigation during sentencing?

Pet'r's Pet. for Writ of Cert. 3.

On May 26, 2011, the South Carolina Supreme Court denied the petition. The remittitur was issued on June 13, 2011. Pinckney filed a timely federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 14, 2011.

In his original habeas petition, Pinckney asserted: (1) denial of due process and ineffective assistance of counsel based on plea counsel's failure to appeal Pinckney's conviction and sentence after being requested to do so; and (2) that the PCR court and South Carolina Supreme Court acted contrary to law by finding that plea counsel was not ineffective for failing to file a direct appeal after being requested to do so. Pet'r's Habeas Pet. 5-7.

On March 19, 2012, after the one-year limitations period expired, petitioner filed a motion to amend his habeas petition to add four additional grounds. Along with his

motion, Pinckney filed an amended petition which sets forth the following additional grounds:

**Ground Three:**   Ineffective Assistance of Counsel.

    **Supporting Facts:** Counsel was ineffective in telling petitioner he could not go to trial on a self-defense claim, advising that the court would not allow him to separate the murder case and the unrelated drug case, and advising petitioner to enter a plea for a crime he did not commit.

**Ground Four:**   Ineffective Assistance of Counsel.

    **Supporting Facts:** Counsel was ineffective for not making sure that Petitioner fully understood his plea agreement before Petitioner pled guilty.

**Ground Five:**   Ineffective Assistance of Counsel.

    **Supporting Facts:** Counsel was ineffective when he planned to use mitigating factors that support Petitioner's self-defense claim to get Petitioner the amount of time that he promised Petitioner . . . but failing to present these mitigating factors to the court . . . .

**Ground Six:**   Ineffective Assistance of Counsel.

    **Supporting Facts:** Counsel was ineffective for failing to file a notice of appeal after being instructed to do so by Petitioner after judge sentenced Petitioner to 19 years. Counsel gave Petitioner ineffective advice, telling Petitioner that he did not have grounds on which to file an appeal.

See Mag. R&R 5.

Respondent filed a response in opposition on August 28, 2012, arguing that the amended claims are untimely and procedurally barred. Resp. in Opp'n 5-13. The magistrate judge issued a Report and Recommendation (R&R) on September 18, 2012, recommending that the motion to amend be denied as time-barred and the motion for

summary judgment be granted. See Mag. R&R 6. Objections were timely filed on October 1, 2012.

## II.  STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which specific, written objections are made, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). The magistrate judge's recommendation does not carry presumptive weight, and it is the responsibility of this court to make a final determination. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). A party's failure to object may be treated as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 150 (1985).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for habeas corpus. 28 U.S.C. § 2244(d)(1). The statute of limitations begins to run on the date a petitioner's conviction becomes final. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, if a defendant does not file a direct appeal, his conviction becomes final ten days after adjudication of guilt, and the AEDPA statute of limitations begins to run at that time. Crawley v. Catoe, 257 F.3d 395, 398 (4th Cir. 2001). However, the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted. 28 U.S.C. § 2244(d)(2). This includes the time between denial of post-conviction relief by a state court and the filing of a timely petition for appellate review. Id.; see also United States v. Clay, 537 U.S. 522, 524-25 (2003). The standard for

reviewing a state court determination under AEDPA is highly deferential. <u>Williams v. Taylor</u>, 529 U.S. 362, 410 (2000).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Where a party "fails to make a showing sufficient to establish the existence of an element essential to his case," Rule 56(a) mandates entry of summary judgment against that party. <u>Celotex v. Catrett</u>, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence is viewed in the light most favorable to the non-moving party with all justifiable inferences drawn in its favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

### III.   DISCUSSION

Petitioner makes four objections to the magistrate judge's R&R: (1) petitioner objects to the conclusion that the claims raised in his amended petition for habeas relief are time-barred; (2) petitioner objects to the magistrate judge's finding that Grounds One and Two from the original habeas petition are procedurally barred; (3) petitioner objects to the magistrate judge's conclusion that he failed to demonstrate cause and prejudice sufficient to excuse procedural default; and (4) petitioner objects to the magistrate judge's finding that he failed to demonstrate actual innocence.

#### A. Motion to Amend

First, Pinckney objects to the magistrate judge's finding that the claims asserted in his amended habeas petition are time-barred. Pet'r's Obj. 12-13. He argues that: (1) the claims in the amended petition relate back to the original petition for timing purposes; and (2) even if the court finds that the claims are time-barred, the limitations period

should be equitably tolled because the untimely filing was the result of ineffective assistance of counsel.  Id. at 12.

Here, Pinckney pled guilty and was sentenced on November 6, 2007.  Because he did not file a notice of appeal, the statute of limitations began running on November 17, 2007 and continued to run until May 1, 2008, when he filed a PCR application.  The statute of limitations remained tolled until the remittitur was issued on June 13, 2011.  At that point, petitioner had 198 days left on the limitations clock.  He filed his original habeas petition on December 14, 2011, when he deposited the petition in the prison's internal mailing system.  Houston v. Lack, 487 U.S. 266 (1988).  At that time, two weeks remained on the AEDPA clock.  The motion to amend was not filed until March 15, 2012, well outside the one-year statute of limitations.  Pinckney's motion to amend is therefore untimely, unless the claims set forth in the amended petition relate back to the original petition.

### 1. Relation Back

First, Pinckney argues that the claims in his amended petition relate back to the ineffective assistance of counsel claim asserted in his original petition.  Pet'r's Obj. 13.

"When a claim in a proposed amendment would be otherwise barred by the statute of limitations, [Federal Rule of Civil Procedure] 15(c) provides for the relation back of amendments to the original pleading in certain circumstances."  United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000).  Rule 15(c)(1)(B) states that an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  The Supreme Court has adopted a

6

narrow interpretation of Rule 15(c)(2) in habeas cases and stated that "relation back will be in order so long as the original and amended petitions state claims that are tied to a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 647 (2005); see also Pittman, 209 F.3d at 317-18 (holding that relation back is to be interpreted strictly in the context of amended habeas petitions).

The original petition sets forth a due process claim and an ineffective assistance of counsel claim, both based on the failure to file a direct appeal. Pet'r's Habeas Pet. 3. While the amended petition sets forth three additional claims for ineffective assistance of counsel,[1] the new claims do not "arise[] from the 'same core facts [in time and type] as the timely filed claims.'" Gray v. Branker, 529 F.3d 220, 241 (4th Cir. 2008) (quoting Mayle, 545 U.S. at 657). The underlying facts in the amended petition relate to counsel's conduct preceding petitioner's conviction and sentence, while the claims set forth in the original petition deal with counsel's alleged post-sentence failure to file a notice of direct appeal. Thus, because the facts supporting the ineffective assistance of counsel claims in the amended petition are not the same "in time and type" as the facts supporting petitioner's original habeas claims, the additional claims do not relate back for purposes of Rule 15(c) and are time-barred. Mayle, 545 U.S. at 657.

### 2. Equitable Tolling

Petitioner alternatively argues that this court should find the period of limitations prescribed by AEDPA to be equitably tolled. Pet'r's Obj. 12-13.

---

[1] Ground Six of the proposed amended petition sets forth an ineffective assistance of counsel claim for plea counsel's failure to file a notice of appeal that is redundant of Grounds One and Two from the original petition. Therefore, this claim will be addressed in the court's discussion of the claims raised in the original petition.

"[A] 'petitioner' is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. Guglielmo, 544 U.S. 408, 418 (2005)).  Petitioner argues that his trial counsel's failure to file a direct appeal constitutes "extraordinary circumstances" in that it prevented him from reaping the benefit of having his conviction become "final" (i.e., the trigger for commencing AEDPA's one-year statute of limitations) ninety days after the final ruling of the South Carolina Supreme Court.  Pet'r's Obj. 12.

Unprofessional attorney conduct can in certain circumstances prove "extraordinary" where the conduct is particularly egregious.  See, e.g., United States v. Martin, 408 F.3d 1089, 1096 (8th Cir. 2005) (client entitled to equitable tolling where attorney retained client files and made misleading statements); Spitsyn v. Moore, 345 F.3d 796, 800-02 (9th Cir. 2003) (finding "extraordinary circumstances" where lawyer denied client access to files, failed to prepare a petition, and did not respond to client's communications).  However, principles of equitable tolling "do not extend to garden-variety claims of excusable neglect," Rouse v. Lee, 339 F.3d 238, 249 (4th Cir. 2003), such as a mistake by a party's counsel in interpreting a statute of limitations.  Hutchinson, 209 F.3d at 331.  Petitioner contends that his attorney's failure to file a direct appeal in state court caused the statute of limitations to commence earlier than it would have if an appeal had been filed.  However, this is not an extraordinary circumstance warranting equitable tolling.  Cf. Lawrence v. Florida, 549 U.S. 327, 336 (2007).

Furthermore, petitioner has not presented any evidence to suggest that he has been "pursuing his rights diligently."  Pace, 544 U.S. at 418.  As discussed below, there is little

evidence, other than Pinckney's own assertions, that he actively pursued the direct appeal issue with his attorney. Petitioner has failed to demonstrate that he pursued his rights with reasonable diligence and that some extraordinary circumstance existed which prevented him from filing his amended petition within the period of limitations. Therefore, equitable tolling is not warranted, and petitioner's motion to amend is denied.

### B. Motion for Summary Judgment

Next, Pinckney objects to the magistrate judge's conclusion that Grounds One and Two from the original petition are procedurally barred and that summary judgment should be granted in favor of respondent.[2] Pet'r's Obj. 1-6. The magistrate judge concluded that petitioner failed to exhaust his state court remedies and failed to preserve these claims for habeas review. See Mag. R&R 11-19. Pinckney argues that the claims were raised at all relevant points and are therefore preserved for review. Pet'r's Obj. 2-5.

### 1. Procedural Default

A petitioner seeking federal habeas relief must first exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1)(A); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In South Carolina, a petitioner may attack the validity of his conviction directly, through appeal, or collaterally, with an application for post-conviction review. S.C. Code Ann. § 17-27-10 et seq. If the PCR court fails to address a claim, counsel for the petitioner must file a timely Rule 59(e) motion to alter or amend the judgment in order to satisfy "exhaustion." S.C. R. Civ. P. 59(e); Marlar v. State, 653 S.E.2d 266 (S.C. 2007). The petitioner must present "both the operative facts and the controlling legal principles . . . to the state court." Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)

---

[2] Grounds One and Two from the original petition are interrelated and allege ineffective assistance of counsel and denial of due process based on Pinckney's retained plea counsel's failure to file a direct appeal after Pinckney allegedly so requested.

(citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)).  Where a habeas petitioner asserts a claim in his petition that he failed to raise at the appropriate time and has no further means of addressing in state court, he has "bypassed" state remedies and is therefore barred from raising the issue in federal court.  See Schlup v. Delo, 513 U.S. 298 (1995); Bostic v. Stevenson, 589 F.3d 160, 164 (4th Cir. 2009).

While there was brief mention of the direct appeal issue in Pinckney's PCR application and during the PCR hearing, the "operative facts and controlling legal issues" were not presented to the PCR court.[3]  Evatt, 105 F.3d at 911.  Instead, the PCR hearing primarily focused on Pinckney's ineffective assistance of counsel claim based on his attorney's conduct before and during plea negotiations.  PCR Transcript, ECF No. 17-5 at 53-77.  Moreover, the PCR judge did not specifically rule on the direct appeal issue.[4]

---

[3] In his PCR application, Pinckney did not list the failure to file a direct appeal as a "ground[] on which you base your allegation that you are being held in custody unlawfully."  Pet'r's PCR Appl., ECF No. 17-5 at 30.  Rather, his application focused on the alleged ineffectiveness of his plea counsel in working out a plea agreement rather than going to trial.

At the PCR hearing, the only discussion of the direct appeal issue arose when Pinckney was asked whether, after he was sentenced, either of his attorneys filed an appeal.  He responded, "No, I told Charlie that I wanted to file a direct appeal right away, the same day.  And he told me he didn't have any grounds to go on and all type of, you know—and he just kind of, you know, like he was just through with it, he was done with it."  PCR Transcript, ECF No. 17-5 at 58.  Petitioner's retained plea counsel, Charlie J. Johnson, also testified at the proceedings.  When asked about the possibility of direct appeal, Mr. Johnson stated:

> [W]e considered two possibilities.  Probably an appeal which we didn't think there was any grounds for an appeal.  But we also thought about filing a motion for reconsideration. . . . We [Mr. Johnson and petitioner's appointed counsel for the drug charges] mentioned it to the judge. . . . [The judge] indicated that . . . he thought that the sentence of 19 years was a reasonable sentence for both [the drug charges and murder charge] considering the circumstances.

Id. at 66-67.

[4] The order denying PCR relief mentioned the direct appeal issue only to note that "[petitioner's] [p]lea counsel testified that there were no grounds for an appeal, the sentence was high, but well within the range."  While the PCR judge did not rule on the direct appeal issue, he found that Pinckney's testimony "[was] not credible" while "[Pinckney's] counsel's testimony [was]

Plyler v. State, 424 S.E.2d 477, 478-80 (S.C. 1992) (the issue must be both raised *and* ruled upon by PCR judge to be preserved for appellate review). There is no indication that petitioner's PCR counsel filed a timely Rule 59(e) motion to alter or amend the judgment in order to satisfy the exhaustion requirement. Marlar, 653 S.E.2d at 266. Petitioner likewise did not raise the direct appeal issue in his petition for writ of certiorari to the South Carolina Supreme Court.

Because the direct appeal issue was not properly preserved and exhausted by petitioner in the state court proceedings, the claims raised in his original habeas petition are procedurally defaulted and federal habeas review is precluded. Coleman v. Thompson, 501 U.S. 722, 729 (1991).

### 2. Cause and Prejudice

Pinckney next contends that the magistrate judge incorrectly found that he failed to show sufficient cause and prejudice to excuse the procedural default as to Grounds One and Two. Pet'r's Obj. 7. Petitioner argues that the procedural default occurred as a result of ineffective assistance of counsel. Id. at 8. Specifically, petitioner argues that had his PCR counsel and PCR appeal counsel been effective, all of his claims would be preserved. Id. at 9-11.

There are two instances when a procedurally defaulted claim may be considered on collateral review: cause and prejudice or actual innocence. The first instance is when a petitioner can show both cause for non-compliance with a state rule and actual prejudice resulting from an alleged constitutional violation. United States v. Frady, 456 U.S. 152, 167 (1981). To establish "cause," petitioner must show that some objective

---

credible." ECF No. 17-5 at 88-89. The PCR judge ultimately concluded that petitioner failed to meet his burden of proving each prong of Strickland and noted that Pinckney's "mere disappointment with the length of his sentence [was] not a ground for relief." Id.

factor external to the defense impeded his ability to comply with the rule. Coleman, 501 U.S. at 750 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). In certain circumstances, ineffective assistance of counsel may constitute "cause" for procedural default. Roe v. Flores-Ortega, 528 U.S. 470, 488 (2000). Ineffective assistance of counsel constitutes cause if it amounts to an independent constitutional violation. Bonin v. Calderon, 77 F.3d 1155, 1159 (9th Cir. 1996). Actual prejudice requires more than plain error. To establish "prejudice," petitioner must show a reasonable probability that, but for the alleged violation of federal law, the outcome of his case would have been different. Mathis v. Hood, 937 F.2d 790, 794 (2d Cir. 1991); see also Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (petitioner must show "that the error worked to his 'actual and substantial disadvantage'" (quoting Carrier, 477 U.S. at 494)). Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484.

Contrary to petitioner's assertion, his attorney's alleged failure to file a direct appeal did not "depriv[e] [him] of the appellate proceedings altogether." Pet'r's Obj. 11. Instead, petitioner collaterally attacked his conviction by filing a PCR application, and was represented by counsel at every stage of the proceedings. Moreover, Pinckney has produced no evidence to show misconduct on the part of his PCR or PCR appeal counsel, and PCR counsels' failure to pursue and exhaust the direct appeal issue does not amount to an independent constitutional violation. Murray v. Giarratano, 492 U.S. 1, 13 (1989) (O'Connor, J., concurring) ("[T]here is nothing in the Constitution or the precedents of the Court that requires a State provide counsel in post-conviction proceedings . . . .");

Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (petitioner "has no right to effective assistance of counsel in his state habeas proceedings"); Gilliam v. Simms, No. 97-14, 1998 WL 17041, at *6 (4th Cir. Jan. 13, 1998) ("Since [petitioner] had no constitutional right to counsel during his state collateral attacks on his conviction, he had no right to conflict-free counsel or even effective counsel."). Thus, petitioner has failed to demonstrate the necessary "cause" sufficient to excuse the procedural default. If the petitioner cannot make a sufficient showing of "cause," the court need not consider prejudice. Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995).

### 3. Actual Innocence

Finally, petitioner objects to the magistrate judge's finding that he has not established actual innocence. A procedurally defaulted claim may also be heard by a federal court where the petitioner can demonstrate "actual innocence." Delo, 513 U.S. at 321. Actual innocence may be shown only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Carrier, 477 U.S. at 495; see also Delo, 513 U.S. at 327 (in order to pass through the actual-innocence gateway, the petitioner must establish that the errors he complains of probably resulted in the conviction of an innocent person). A "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Delo, 513 U.S. at 329.

Pinckney claims that he is actually innocent of manslaughter[5] because a reasonable jury, having heard his self-defense claim, would not have found him guilty of

---

[5] Petitioner does not contend he is actually innocent of the drug charges to which he pled guilty and received a concurrent sentence of nineteen years for each charge.

manslaughter.  Pet'r's Obj. 13.  Petitioner's dissatisfaction with the missed opportunity to assert self-defense before a jury does not amount to "actual innocence."  The possibility that a jury *may* have accepted Pinckney's self-defense claim does not meet the required showing for "actual innocence" that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  Delo, 513 U.S. at 329.  The court agrees with the magistrate judge that a "review of the record does not support a showing of actual innocence."  See Mag. R&R 23.  Therefore, petitioner has failed to meet the actual innocence hurdle required to allow the court to hear his habeas claims notwithstanding the procedural default, and Grounds One and Two from petitioner's original petition are procedurally barred.

### 4.  Further Considerations

Even if the court were to find that Pinckney's original habeas claims were not procedurally barred or otherwise consider them on the merits, two considerations militate against granting Pinckney's requested relief.

First, Pinckney was sentenced to nineteen years on *each* of three separate offenses, two of which were for drug trafficking.  Attorney Ayme Rushing was appointed as counsel for Pinckney on the drug charges, while attorney Charlie Johnson was retained as counsel for Pinckney on the murder charge.  See Plea Transcript, ECF No. 17-5 at 5.  Pinckney pled guilty to the drug charges and does not now protest his innocence of these offenses.  In fact, on September 14, 2006, Pinckney was caught on videotape selling 13.89 grams of cocaine to an undercover officer.  Two days later, the same undercover officer saw a quantity of cocaine in Pinckney's apartment.  See Mag. R&R 22; Plea Transcript, ECF No. 17-5 at 14-16.  Therefore, even if Pinckney were actually innocent

of committing voluntary manslaughter, he would still be serving a nineteen year sentence for the drug convictions.[6]

Second, nowhere in his state or federal court proceedings has Pinckney claimed that Ms. Rushing provided ineffective assistance. Nor has Pinckney asserted that Ms. Rushing failed to file a direct appeal of his concurrent nineteen year sentences for the drug convictions. Again, any federal habeas relief based on the alleged ineffective assistance of Mr. Johnson would have no effect on Pinckney's actual sentence.[7]

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, **DENIES** petitioner's motion to amend, and **GRANTS** respondent's motion for summary judgment.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**AND IT IS SO ORDERED**.

---

[6] Ms. Rushing noted at the sentencing hearing that the drug offenses were "eighty-five percent" offenses, i.e., "He knows whatever [sentence] Your Honor gives him, he's going to serve the majority of it." Plea Transcript, ECF No. 17-5 at 20.

[7] The court recognizes that in Benton v. Maryland, 395 U.S. 784 (1969), the Supreme Court held that a habeas petition is not made moot by the existence of a concurrent sentence (which would mean that release from custody is not possible even were the petition granted). Nevertheless, the court finds it "hard to see, in the real world, how setting aside [Pinckney's manslaughter conviction] does him any good." Cabrera v. Hinsley, 324 F.3d 527, 532-33 (7th Cir. 2003).

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 25, 2013**
**Charleston, South Carolina**